IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| LOREN QUALLS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 1:25-cv-03077-STV ) ) Hon. Scott. T. Varholak |
| FRONTIER AIRLINES, INC., | ) ) |
| Defendant | ) ) ) |

**DEFENDANT FRONTIER AIRLINES, INC.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS WITH PREJUDICE**

Defendant Frontier Airlines, Inc. ("Frontier"), by and through its undersigned counsel, hereby files this Reply in support of its Rule 12(b)(6) Motion to Dismiss, and in support thereof states as follows:

### I.   INTRODUCTION

In his Response to Frontier's Rule 12(b)(6) Motion to Dismiss, Plaintiff argues that he has alleged sufficient facts to support his six causes of action. However, Plaintiff fails to cite to facts in his Complaint that show that any of his claims are viable. Accordingly, his Complaint should be dismissed.

### II.   ARGUMENT

**A. Plaintiff Fails to Plead that Frontier Breached Its Carry-On Bag Policy**

Plaintiff argues in his Response that a gate agent demanded $100 baggage fee, and that he was denied boarding because his baggage dispute had taken too long. (ECF 1 at p. 4). Neither of these allegations establishes the elements of a breach of contract claim.

Under the Contract of Carriage (the "Contract"), Frontier is permitted to charge baggage fees for carry-on baggage. (See ECF No. 14-1, Contract at pp. 13-14). The Contract states that "a

1

fee for the carry-on item may apply based on the ticket type purchased," as well as "the size and weight of an item may be measured using manual or automated methods."[1] Furthermore, the Contract sets forth, "if any carry-on item exceeds allowed dimensions, the item may be gate checked, and the applicable fee will apply." *Id.* Plaintiff does not allege any specific facts regarding the size of the bag, the weight of the bag, the type of ticket type purchased, or the method used by Frontier gate agents to determine whether the carry-on bag was compliant with Frontier's policy.[2] Ultimately, Plaintiff never paid the baggage fee "demanded," so it is undeniable that Plaintiff cannot plead a breach of contract or damages from the alleged breach.

As for the denial of boarding claim, Plaintiff pleads himself out of court by alleging that he was ultimately transported to his destination. (See ECF No. 1, Complaint at p. 4). According to Plaintiff, Frontier transported him to his destination. Also, to the extent Plaintiff asserts that his rebooking on a later flight was improper, Frontier was permitted to do so under the Contract. According to Section 17 of the Contract, "Frontier will use reasonable efforts to transport passengers and baggage to the purchased destination, but published schedules, flight times, aircraft types, seat assignments, and similar details set forth in the ticket or Frontier's published schedules are not guaranteed and form no part of this Contract of Carriage. Frontier may substitute alternate aircraft, change schedules, delay or cancel flights, change seat assignments, and alter or omit stopping places shown on the ticket as required by its operations in Frontier's sole discretion." (See ECF No. 14-1, Contract at p. 19).

---

[1] See Frontier's Contract of Carriage attached and incorporated into Frontier's Motion to Dismiss as "Exhibit A."

[2] Plaintiff impermissibly attached "Exhibit 1" and "Exhibit 2" to his Opposition to Frontier's Motion to Dismiss, filed on November 7, 2025, and as such, they must not be considered by the Court. Under Fed. R. Civ. P. 12(b)(6), a court may not consider documents that are extrinsic to the complaint. "A trial court can generally consider only those matters stated within the "four corners" of the complaint." *Gayton v. Department of Highways*, 149 Colo. 72, 83-4 (Colo. 1962).

2

Additionally, pursuant to Section 3 (para. 15) of the Contract, Frontier may refuse transportation for numerous reasons, including a passenger's failure to follow instructions. Here, Plaintiff admits that he refused to pay a baggage fee that he was directed to pay by a gate agent. This refusal caused Plaintiff to miss his scheduled flight on June 11, 2025. Despite his refusal, Frontier accommodated Plaintiff on the next available flight. Thus, Plaintiff's claim that he was denied boarding fails as a matter of law.

Plaintiff further alleges that Frontier failed to be transparent in its presentation of contractual conditions. The applicable baggage policies are set forth clearly within Frontier's Contract, which is available to all passengers via Frontier's website. Frontier transparently presents its right to apply an extra fee based on the size and weight of the bag when a passenger arrives at the gate.

### B. **Plaintiff's Negligence Claim is Redundant with his Breach of Contract Claim**

Plaintiff alleges that Frontier was negligent for attempting to charge him a baggage fee and for denying him boarding. Plaintiff's negligence claim, however, fails because Frontier had no common law duty to board Plaintiff or permit Plaintiff him to board without paying the required baggage fees. In short, Plaintiff seeks to recover under the Contract of Carriage in his negligence count, thus it is redundant with his breach of contract claim.

Additionally, Frontier did not owe a duty of care under 14 C.F.R. § 91.13(a) to treat Plaintiff fairly during boarding and baggage assessment. 14 C.F.R. § 91.13(a) sets forth that "no person may operate an aircraft in a careless or reckless manner so as to endanger the life or property of another." 14 C.F.R. § 91.13(a) pertains to operating an aircraft, not a gate agent's dealings with passengers in the gate area.

### C. **Plaintiff Fails to Plead that Frontier's Actions Amounted to Duress Resulting in Constructive Possession.**

Plaintiff cites to *Montano v. Land Title Guarantee Co.*, alleging that duress renders an action involuntary, establishing constructive possession by the coercing party. 778 P.2d 328, 330-31 (Colo. App. 1989). However, in *Montano*, the court determined that a constructive bailment arises when a party engages another to perform some service with respect to his personal property and thereafter leaves that property without any instructions as to its disposition. *Id.* The court concluded that the defendant's control over the property was a constructive bailment, and that the wrongful disposition of the personal property owed by the defendant ("bailee") constituted a conversion. *Id.*

*Montano* neither addresses a defendant in duress nor provides a factual backdrop that shows duress amounting to conversion. As set forth in *Bennett v. Coors Brewing Co.*, 189 F.3d 1221, 1231 (10th Cir. 1999), duress requires a showing that the threat "subjugated the mind and will" and was the sole cause of the signing agreement." Moreover, "the threat must be improper such as the threat of criminal prosecution and leave the person with no reasonable alternative to entering the agreement." *Vail/Arrowhead, Inc. v. District Court,* 954 P.2d 608, 612 (Colo. 1998) (en *banc*).

Even taking Plaintiff's legal argument as true, such that duress renders an action involuntary thus establishing constructive possession by the coercing party, Plaintiff failed to plead any facts that amount to duress in his Complaint. Plaintiff alleges a Frontier gate agent requested a $100 fee for a second bag, and when Plaintiff did not comply, he was not permitted on board. Plaintiff allegedly made a decision to throw away his carry-on bag instead of complying with the baggage fee requirement. Not only does Plaintiff fail to allege any facts that show Frontier created

a threat so "improper such as the threat of criminal prosecution," but his baggage was never in Frontier's possession.

   D. **Plaintiff Fails to Plead that Frontier's Actions Amounted to Intentional Infliction of Emotional Distress.**

Plaintiff's Opposition to Frontier's Motion to Dismiss does not adequately support his allegations that Frontier's conduct meets the standard for Intentional Infliction of Emotional Distress ("IIED"). Plaintiff declares that Frontier's conduct was "extreme and outrageous" without providing any facts to support his claim. Such conduct must be "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Coors Brewing Co. v. Floyd*, 978 P.2d 663, 666 (Colo. 1999). Due to the insufficient facts in the pleading, it is impossible for a court to reasonably infer Frontier is liable for IIED, and, as such, it should be dismissed with prejudice.

   E. **Plaintiff Fails to Show that Frontier Intentionally Disrupted Defendant's Business Endeavors.**

Plaintiff argues his Complaint satisfies the elements of tortious interference because he plead that he missed a scheduled work obligation and suffered disciplinary consequences, including a loss of income. Plaintiff cites to *Steinbach v. Dillon Cos.*, where the court pointed to Restatement (Second) of Torts, § 7661, requiring "a plaintiff show that a third party 'intentionally' and 'improperly' interfere with plaintiff's own performance of her contract." 254 F.3d 538, 540-41 (10th Cr. 2001). The Restatement also sets forth a balancing test, which requires a court to consider the following factors: (1) the nature of the actor's conduct; (2) the actor's motive; (3) the interests the of the other with which the actor's conduct interferes; (4) the interests sought to be advanced by the actor; (5) the social interests in protecting the freedom of action of the actor and

5

the contractual interests of the other; (6) the proximity or remoteness of the actor's conduct to the interference; and (g) the relations between the parties. *Id.* at 541.

Plaintiff alleges no facts for the Court to infer Frontier had any motive to interfere with his personal business contract. Furthermore, Plaintiff does not provide any facts to show his personal business contract existed at the time of the flight. Without sufficient facts, the Court cannot make a reasonable inference that Plaintiff had a business trip planned and suffered consequences as a result. This claim fails to meet the pleading standards of Fed. R. Civ. P. 8(a)(2) and *Twombly/Iqbal.*

**F. Frontier Neither Misrepresented Why Plaintiff Was Denied Boarding, Nor Denied Plaintiff Boarding Due to Safety, Security, or Overbooking Concerns.**

Plaintiff claims 14 C.F.R. § 250.5(b) governs compensation for denied boarding and permits refusal only for safety, security and overbooking. 14 C.F.R. § 250.5(b) applies to compensation owed to passengers in foreign air transportation who are denied boarding involuntarily at a U.S. airport from an oversold flight. This section of 14 C.F.R. § 250.5(b) does not apply to Plaintiff as he was traveling from San Francisco to Cleveland, with a layover in Las Vegas, where the alleged incident occurred. Additionally, pursuant to 14 C.F.R. § 250.6(a), a passenger denied boarding involuntarily from an oversold flight shall not be eligible for denied boarding compensation if the passenger does not comply fully with the carrier's contract of carriage or tariff provisions regarding ticketing, reconfirmation, check-in, and acceptability of transportation. Plaintiff refused to comply with Frontier's baggage policy in that he did not pay the additional baggage fee, and as such, he was denied boarding and is not entitled to compensation.

Furthermore, Frontier did not act in a manner that was unfair or deceptive as Plaintiff claims under 49 U.S.C § 41712(a). Frontier informed Plaintiff that he was in violation of the

6

baggage fee policy and needed to pay an additional $100 for his second bag. Such a requirement is set forth in Frontier's Contract of Carriage, and Frontier did not misrepresent its policy.

### III. CONCLUSION

For the foregoing reasons, Frontier Airlines, Inc., respectfully requests that this Court enter an Order dismissing the Complaint with prejudice pursuant to Fed. R. Civ. P. 12(b)(6), and for such further relief as this Court deem just and reasonable.

Dated: November 21, 2025

Respectfully submitted,

/s/ *Brian T. Maye*

BRIAN T. MAYE, ESQ.
Fitzpatrick, Hunt & Pagano, LLP
10 South LaSalle Street, Suite 3400
Chicago, Illinois 60603
Phone (312) 728-4000
Email: brian.maye@fitzhunt.com

**CERTIFICATE OF SERVICE**

      I hereby certify that on November 21, 2025, I caused the foregoing to be electronically filed with the United States District Court for the District of Colorado using the CM/ECF system. I also certify that a copy was emailed to Plaintiff on November 21, 2025.

                                                          /s/Brian T. Maye