IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.1:25-cv-03077-STV

Loren Qualls,

    Plaintiff,

v.

FRONTIER AIRLINES, INC.,

    Defendant.

---

## SCHEDULING ORDER

---

### 1. DATE OF SCHEDULING CONFERENCE AND APPEARANCES OF COUNSEL AND PRO SE PARTIES

A telephonic conference was held between Plaintiff and Frontier's counsel on November 25, 2025.

    Loren Qualls
    Plaintiff, Pro Se
    3437 M Street
    Merced, California 95348
    Phone: (209) 777-9915
    Email: quallsl@me.com

    Brian T. Maye
    Fitzpatrick, Hunt, & Pagano, LLP
    10 South LaSalle Street, Suite 3400
    Chicago, Illinois, 60603
    Phone: (312) 728-4000
    Email: brian.maye@fitzhunt.com
    Attorney for Defendant

### 2. STATEMENT OF JURISDICTION

Jurisdiction exists pursuant to 28 U.S.C. 1332, in that the citizenship of the parties is diverse, and the amount in controversy exceeds $75,000. Defendant does not

challenge the personal jurisdiction of the court to hear the case.

### 3. STATEMENT OF CLAIMS AND DEFENSES

a. Plaintiff

This case arises from Plaintiff Loren Qualls' allegations regarding a June 11, 2025, Frontier Airlines itinerary during which he was denied boarding after a baggage fee dispute. Plaintiff asserts claims for breach of contract, negligence, conversion, intentional infliction of emotional distress, tortious interference, and violations of federal aviation regulations. Defendant disputes liability and has moved to dismiss under Rule 12(b)(6).

Plaintiff contends his bags were compliant, he was forced to dispose of a carry-on under duress, was still denied boarding, and suffered economic and emotional damages including overnight stranding and loss of work income.

b. Defendant

Plaintiff's claims are not supported factually or legally. Frontier filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) on November 6, 2025. Plaintiff's claims for breach of contract, negligence, conversion, IIED, tortious interference with economic advantage / employment fail because Plaintiff has not alleged sufficient facts to state a claim upon which relief can be granted. Plaintiff's claim that Frontier violated federal aviation regulations and unfair trade practices is unfounded in that Plaintiff cannot show that he is owed compensation for being denied boarding under 14 C.F.R. § 250 et seq.

### 4. UNDISPUTED FACTS

The following facts are undisputed:

On June 11, 2025, Plaintiff Loren Qualls was booked on Frontier Airlines 2486 traveling from San Francisco International Airport ("SFO") to Cleveland Hopkins

International Airport ("CLE") with a layover scheduled at Harry Reid International Airport ("LAS") in Las Vegas, Nevada. Plaintiff arrived at LAS for his layover, and after a dispute with gate agents, he never boarded his flight to CLE. Plaintiff flew from LAS to CLE on Frontier Flight 3232 on June 12, 2025.

## 5. COMPUTATION OF DAMAGES

### a. Plaintiff

Plaintiff to provide.

### b. Defendant

None.

## 6. REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED. R. CIV. P. 26(f)

### a. Date of Rule 26(f) meeting.

A telephonic 26(f) conference was held between Plaintiff, Loren Qualls, and counsel for Defendant, Sydney T. Monroe, on November 25, 2025.

### b. Names of each participant and party he/she represented.

Loren Qualls
3437 M Street
Merced, California 95348
Phone: (209) 777-9915
Email: quallsl@me.com
Plaintiff, Pro Se

Brian T. Maye
Sydney T. Monroe (*pro hac vice* motion forthcoming)
Fitzpatrick, Hunt, & Pagano, LLP
10 South LaSalle Street, Suite 3400
Chicago, Illinois, 60603
Phone: (312) 728-4905
Email: brian.maye@fitzhunt.com
     sydney.monroe@fitzhunt.com
Counsel for Frontier Airlines, Inc.

**c. Statement of when Rule 26(a)(1) disclosures were made or will be made.**

Plaintiff intends to make his Rule 26(a)(1) disclosures on or before December 23, 2025. Defendant intends to make their Rule 26(a)(1) disclosures on or before December 23, 2025.

**d. Proposed changes, if any, in timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1).**

None.

**e. Statement concerning any agreements to conduct informal discovery.**

The parties have not made such agreements.

**f. Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system.**

TBD.

**g. Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form.**

The parties do not anticipate that Plaintiff's claims or Defendant's defenses will involve extensive electronically stored information (ESI) or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form.

**h. Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case.**

The parties have not engaged in settlement discussions since the filing of the lawsuit.

**7. CONSENT**

Not all parties have consented to the exercise of jurisdiction of a magistrate judge. Dkt. 16.

4

## 8. DISCOVERY LIMITATIONS

**a. Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules.**

The parties agree to the presumptive number of depositions and interrogatories contained in the federal rules.

**b. Limitations which any party proposes on the length of depositions.**

The parties do not propose limitations beyond those contained in the Federal Rules.

**c. Limitations which any party proposes on the number of requests for production and/or requests for admission.**

The parties do not propose limitations beyond those contained in the Federal Rules.

**d. Other Planning or Discovery Orders**

The Defendant intends to submit a proposed Protective Order regarding confidentiality.

## 9. CASE PLAN AND SCHEDULE

**a. Deadline for Joinder of Parties and Amendment of Pleadings:**

January 9, 2026.

**b. Discovery Cutoff:** June 30, 2026.

**c. Dispositive Motion Deadline:** July 31, 2026.

**d. Expert Witness Disclosure:**

**1. The parties shall identify anticipated fields of expert testimony, if any.**

Defendant does not anticipate the need for experts at this time.

**2. Limitations which the parties propose on the use or number of expert witnesses.**

None.

**3. The parties shall designate all affirmative experts and provide opposing counsel and any pro se parties with all information specified in Fed. R. Civ. P. 26(a)(2) on or before:**

April 24, 2026 (Plaintiff)

May 22, 2026 (Defendant)

June 22, 2026 (Plaintiff's Rebuttal -- if any)

**4. The parties shall designate all rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before:** April 25, 2026.

e. **Identification of Persons to Be Deposed**

- Plaintiff;
- Gate agents involved in alleged incident;
- Damages witnesses; and
- Experts.

f. **Deadline for Interrogatories**

May 31, 2026

g. **Deadline for Requests of Production of Documents and/or Admissions**

May 31, 2026

## 10.  DATES FOR FURTHER CONFERENCES

a. **Status conferences will be held at the following dates and times:**

_____, 20\_\_ at \_\_ o'clock \_\_\_\_m.

b. **A final pretrial conference will be held at the following date and time:**

_____, 20\_\_ at \_\_ o'clock \_\_\_\_m.

A Final Pretrial Order shall be prepared by the parties and submitted to the Court no later than seven (7) days before the final pretrial conference.

## 11. OTHER SCHEDULING MATTERS

**a. Identify those discovery or scheduling issues, if any, on which counsel after a good faith effort, were unable to reach an agreement.**

None.

**b. Anticipated length of trial and whether trial is to the court or jury.**

The parties anticipate needed five (5) days or less to try the case.

**c. Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted in the District Court's facilities at 212 N. Wahsatch Street, Colorado Springs, Colorado 80903-3476; Wayne Aspinall U.S. Courthouse/ Federal Building, 402 Rood Avenue, Grand Junction, Colorado 81501-2520; or the U.S. Courthouse/Federal Building, La Plata County Courthouse, 1060 E. 2nd Avenue, Suite 150, Durango, Colorado 81301.**

The parties request the pretrial proceedings occur in Denver.

## 12. NOTICE TO COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1(c) by submitting proof that a copy of the motion has been served upon the moving attorney's client, all attorneys of record, and all *pro se* parties.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1(a), the Uniform Civil Practice Standards for Magistrate Judges, and any additional Order of the assigned Magistrate Judge regarding discovery dispute procedures [if any].

Counsel and unrepresented parties are reminded that any change of contact information must be reported and filed with the Court pursuant to the applicable local rule.

## 13. AMENDMENTS TO SCHEDULING ORDER

This scheduling order cannot be altered or amended except upon a showing of good cause.

DATED at _____, Colorado, this \_\_\_\_ day of _____, 20\_\_.

BY THE COURT:

_____
Hon. Scott T. Varholak
United States Magistrate Judge

APPROVED AS SUBMITTED ON December 9, 2025:

| | |
|---|---|
| /s/ Loren Qualls | /s/ Brian T. Maye |
| Loren Qualls | Brian T. Maye |
| 3437 M Street | Fitzpatrick, Hunt, & Pagano, LLP |
| Merced, California 95348 | 10 South LaSalle Street, Suite 3400 |
| Phone: (209) 777-9915 | Chicago, Illinois, 60603 |
| Email: quallsl@me.com | Phone: (312) 728-4905 |
| **Plaintiff, Pro Se** | Email: brian.maye@fitzhunt.com |
| | **Attorneys for Defendant Frontier Airlines, Inc.** |